LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

Attorneys for Plaintiff VICTOR TANYHILL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

VICTOR TANYHILL,

                          Plaintiff,

        -against-

SEA GATE ASSOCIATION, INC., SEA GATE POLICE
DEPARTMENT, CHIEF ROBERT ABRAHAM, CAPTAIN
DOMINIC DELLAGRAZIE, JUAN TOSADO (Badge No. 5510),
LUIS HERNANDEZ (Badge No. 5626), LUIS RIOS (Badge No.
2006), LT. YEVGENY MOYSE, individually and in their official
capacities,

                        Defendants,

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

06 CV 0139
(CPS)(VVP)

Jury Trial Demanded

      Plaintiff VICTOR TANYHILL, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States.  Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff VICTOR TANYHILL is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7.      Defendant SEA GATE ASSOCIATION, INC., was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant SEA GATE POLICE DEPARTMENT, a duly authorized public authority and/or police department, is authorized to perform all functions of a police department as per the laws of the State of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, CHIEF ROBERT ABRAHAM, CAPTAIN DOMINIC DELLAGRAZIE, JUAN TOSADO (Badge No. 5510), LUIS HERNANDEZ (Badge No. 5626), LUIS RIOS (Badge No. 2006), and LT. YEVGENY MOYSE were duly sworn peace officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City
New York.

13.      Each and all of the acts of the defendants alleged herein were done by said
defendants while acting within the scope of their employment by defendants SEA GATE
ASSOCIATION, INC. and SEA GATE POLICE DEPARTMENT.

12.      Each and all of the acts of the defendant alleged herein were done by said
defendants while acting in furtherance of their employment by defendants SEA GATE
ASSOCIATION, INC. and SEA GATE POLICE DEPARTMENT.

## FACTS

13.      On May 7, 2005, at approximately 1:00 a.m., plaintiff VICTOR TANYHILL was
a lawful pedestrian standing near the front entrance of defendants' premises located on 37th
Street and Surf Avenue, Brooklyn, New York 11224.

14.      At the aforesaid time and place, defendant TOSADO approached the plaintiff,
who was standing outside the confines of SEA GATE, without any lawful basis or justification.
TOSADO crossed the street to where plaintiff was standing, along with defendant MOYSE, and
told plaintiff that he couldn't stand where he was standing. The defendants proceeded to yell
obscenities at the plaintiff. Shortly thereafter, defendants RIOS and HERNANDEZ arrived on
the scene. The officers grabbed plaintiff's arms behind him and placed him in handcuffs which
were purposely and maliciously applied in a tight and painful manner. In the presence of the
other defendants, who had the opportunity to intervene yet failed to do so, defendant TOSADO
struck plaintiff, who was in handcuffs, in the face, and then struck plaintiff in the shoulder area.
Plaintiff committed no crime whatsoever, was assaulted without any provocation, and was not
resisting arrest in any way. Plaintiff was issued a baseless summons for disorderly conduct,

3

which was issued to cover up the above-described acts of brutality. Upon information and belief, the summons was later dismissed in the Criminal Court of the City of New York and any alleged charges terminated in plaintiff's favor.

15.     As a result of the above, plaintiff sought medical attention immediately after the incident at Coney Island Hospital, where x-rays revealed that the defendants had broken the plaintiff's nose.

16.     Shortly thereafter, plaintiff complained to the SGPD, including defendant DELLAGRAZIE, who despite clear and credible evidence that a civilian was assaulted by officers under his command, failed to take any corrective action.

17      Upon information and belief, defendants Abraham, Moyse, and Dellagrazie, supervisory officials in the SGPD, failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff VICTOR TANYHILL, despite knowing of their violent propensities. Their conduct amounted to deliberate indifference to the rights of VICTOR TANYHILL.

18.     As a result of the foregoing, plaintiff VICTOR TANYHILL sustained, *inter alia*, physical injuries, including a nasal bone fracture, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20.     All of the aforementioned acts of defendants, their agents, servants and employee

were carried out under the color of state law.

21.     All of the aforementioned acts deprived plaintiff VICTOR TANYHILL of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of U.S.C. 1983.

22.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the SEA GATE ASSOCIATION, INC., and the SEA GATE POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

24.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective law enforcement authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff VICTOR TANYHILL'S constitutional rights.

27.     As a result of the aforementioned conduct of defendants, plaintiff VICTOR TANYHILL was subjected to excessive force and sustained physical injuries.

5

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     Defendants had an affirmative duty to intervene on behalf of plaintiff VICTOR TANYHILL, whose constitutional rights were being violated in their presence by other officers.

30.     The defendants failed to intervene to prevent the unlawful conduct described herein.

31.     As a result of the foregoing, plaintiff VICTOR TANYHILL'S liberty was restricted for an extended period of time, he was beaten, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

34.     As a result of the foregoing, plaintiff VICTOR TANYHILL was deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    Defendants detained and arrested plaintiff without probable cause.  Plaintiff's arrest and confinement was not privileged.

37.    Defendants caused plaintiff VICTOR TANYHILL to be unlawfully and imprisoned and falsely arrested.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution 42 U.S.C. § 1983)

38.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Despite lacking any probable cause, defendants issued legal process to plaintiff, to wit: a summons, thereby commencing and continuing legal proceedings against the plaintiff without probable cause.  Said proceedings were initiated with malice, and were terminated in plaintiff's favor.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    Defendants Abraham, Moyse, and Dellagrazie personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

7

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective law enforcement authority, which is forbidden by the Constitution of the United States.

44.     The aforementioned customs, policies, usages, practices, procedures and rules of the SEA GATE POLICE DEPARTMENT included, but were not limited to, unlawfully stopping, searching, and seizing innocent individuals, and/or committing acts of brutality against such individuals, who are overwhelmingly of African American descent, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the SEA GATE ASSOCIATION, INC., and the SEA GATE POLICE DEPARTMENT engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff VICTOR TANYHILL'S rights as described herein.  As a result of the failure of SEA GATE ASSOCIATION, INC. and the SEA GATE POLICE DEPARTMENT to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45.     The foregoing customs, policies, usages, practices, procedures and rules of SEA GATE ASSOCIATION, INC. and the SEA GATE POLICE DEPARTMENT constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff VICTOR TANYHILL.

46.     The foregoing customs, policies, usages, practices, procedures and rules of SEA GATE ASSOCIATION, INC. and the SEA GATE POLICE DEPARTMEN were the direct and proximate cause of the constitutional violations suffered by plaintiff VICTOR TANYHILL as alleged herein.

8

47.     The foregoing customs, policies, usages, practices, procedures and rules of the SEA GATE ASSOCIATION, INC. and the SEA GATE POLICE DEPARTMENT were the moving force behind the Constitutional violations suffered by plaintiff VICTOR TANYHILL as alleged herein.

48.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the SEA GATE ASSOCIATION, INC. and the SEA GATE POLICE DEPARTMENT, plaintiff VICTOR TANYHILL was unlawfully stopped, seized, beaten, unlawfully issued process to over up illegal conduct, detained, and subjected to physical abuse.

49.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff VICTOR TANYHILL'S constitutional rights.

50.     All of the foregoing acts by defendants deprived plaintiff VICTOR TANYHILL of federally protected rights, including, but not limited to, the right:

     A.     Not to be deprived of liberty without due process of law;

     B.     To be free from seizure and arrest not based upon probable cause;

     C.     To be free from false arrest;

     D.     To be free from malicious prosecution;

     E.     To receive equal protection under law; and

     F.     To be free from the use of excessive force and/or the failure to intervene.

51.     As a result of the foregoing, plaintiff VICTOR TANYHILL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

9

## AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     As a result of the foregoing, plaintiff VICTOR TANYHILL was placed in apprehension of imminent harmful and offensive bodily contact.

54.     As a result of defendant's conduct, plaintiff VICTOR TANYHILL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants made offensive contact with plaintiff without privilege or consent.

57.     As a result of defendant's conduct, plaintiff VICTOR TANYHILL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under the laws of the State of New York)

58.     Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendant police officers placed plaintiff VICTOR TANYHILL under arrest and confined him without any probable cause and without plaintiff's consent.

10

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

60.     Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants commenced criminal proceedings against plaintiff VICTOR TANYHILL by issuing a baseless summons to him with malice.  Said proceedings were terminated in plaintiff's favor.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

62.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

64.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendants SEA GATE ASSOCIATION, INC. and SEA GATE POLICE DEPARTMENT.

65.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendants SEA GATE ASSOCIATION, INC. and SEA GATE POLICE DEPARTMENT.

66.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff VICTOR TANYHILL.

11

67.     As a result of the aforementioned conduct, plaintiff VICTOR TANYHILL suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Upon information and belief, defendants SEA GATE ASSOCIATION, INC. and SEA GATE POLICE DEPARTMENT failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff VICTOR TANYHILL.

70.     Defendants SEA GATE ASSOCIATION, INC., and SEA GATE POLICE DEPARTMENT, knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Upon information and belief the defendants SEA GATE ASSOCIATION, INC., and SEA GATE POLICE DEPARTMENT, failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff VICTOR TANYHILL.

12

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants SEA GATE ASSOCIATION, INC. and SEA GATE POLICE DEPARTMENT, and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

75.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Defendants SEA GATE ASSOCIATION, INC., and SEA GATE POLICE DEPARTMENT, are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

77.    As a result of the foregoing, plaintiff VICTOR TANYHILL is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff VICTOR TANYHILL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

13

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
         November 6, 2006

                                        LEVENTHAL & KLEIN, LLP
                                        45 Main Street, Suite 820
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By: _____
                                               BRETT H. KLEIN (BK4744)

                                        Attorneys for Plaintiff VICTOR
                                        TANYHILL

14